UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESDRAS ELMER MAGUINA CORAL (A-245-025-432), <br><br> Petitioner, <br><br> v. <br><br> CHRISTOPHER CHESTNUT, et al., <br><br> Respondents. | Case No.  1:25-cv-02051-DJC-CSK <br><br> FINDINGS AND RECOMMENDATIONS |

Petitioner Esdras Elmer Maguina Coral (A-245-025-432), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE").  (ECF No. 1.)  Petitioner argues that his re-detention without a hearing and his continued detention violates his due process rights under the Fifth Amendment. (Id. (claim one).)  Petitioner also argues his re-detention is in violation of 8 U.S.C. §§ 1226(a) and 1231(a)(1).  (Id. (claims two and three).)  For the following reasons, this Court recommends that the petition be granted.

I.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality

1

of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II.   DISCUSSION[1]

On December 29, 2025, petitioner filed a motion for a temporary restraining order.  (ECF No. 2.)  On the same day, the district court directed respondents to file any opposition to the motion for a temporary restraining order on or before December 31, 2025.  (ECF No. 4.) Petitioner's reply, if any, was due on or before January 2, 2026.  (Id.)  On December 31, 2025, respondents filed an opposition to the motion for a temporary restraining order.  (ECF No. 6.)  In the opposition, respondents argued that petitioner is an "applicant for admission" within the meaning of 8 U.S.C. § 1225(b)(2)(A).  (Id.)  On January 7, 2026, the district court converted petitioner's motion for a temporary restraining order to a motion for preliminary injunction and granted the injunction.  (ECF No. 11.)  In addition to granting petitioner's immediate release, the district court enjoined and restrained respondents from re-arresting or re-detaining petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating his arrest and detention, and a timely hearing.  (Id.)  In addition, the district court ordered that at any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a risk of flight, and petitioner shall be allowed to have his counsel present.  (Id.)  The district court referred this action to the assigned Magistrate Judge for all further pretrial proceedings.  (Id.)

/ / /

---

[1]   The factual and procedural background previously presented in the district judge's January 7, 2026 order is incorporated herein.  (See ECF No. 11.)

On February 9, 2026, in response to this Court's order requiring a joint status report, the parties agreed that no additional briefing is needed on the merits of the underlying petition, and that the Court may decide the petition on the basis of all briefing filed to date.  (ECF No. 14.)

Where the record before the district court has not changed since the district court's ruling on the motion for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that respondents violated petitioner's Fifth Amendment due process rights by re-detaining him and continuing to detain him without a hearing (claim one).  See Lopez v. Lyons, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025); Singh v. Andrews, 2025 WL 3248059 (E.D. Cal. Nov. 19, 2025); Mariagua v. Chestnut, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); Ortega v. Noem, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); Souza v. Robbins, 2025 WL 3263897 (E.D. Cal. Nov. 23, 2025).  This Court further recommends that a permanent injunction be issued on similar, but modified, terms as the preliminary injunction.

Because the resolution of the due process claim (first claim) provides the relief requested, the Court need not reach the second and third claims.

**III.    CONCLUSION**

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2.  A permanent injunction be issued that respondents be ENJOINED AND RESTRAINED from re-detaining petitioner Esdras Elmer Maguina Coral (A-245-025-432) absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice and a timely hearing before a neutral decisionmaker.  At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a risk of flight, and petitioner shall be allowed to have his counsel present.

3. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven days after

3

being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 13, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, magu2051.25